J-S69035-17

2018 PA Super 70

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PARIS RAYMONT MURPHY | : | |
| | : | No. 723 WDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence May 9, 2017
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0001494-2016

BEFORE:   BOWES, J., RANSOM, J., and STEVENS*, P.J.E.

OPINION BY STEVENS, P.J.E.:                                    FILED MARCH 23, 2018

Appellant Paris Raymont Murphy appeals from the judgment of sentence entered in the Court of Common Pleas of Fayette County following his conviction by a jury on the charges of possession of a controlled substance/contraband by an inmate, 18 Pa.C.S.A. § 5123(a)(2), possession of a controlled substance, 35 P.S. 780-113(a)(16), and use/possession of drug paraphernalia, 35 P.S. 780-113(a)(32).  After a careful review, we affirm.

The relevant facts and procedural history are as follows: On February 21, 2016, while an inmate at SCI-Fayette, Appellant engaged in an altercation with another inmate.  N.T., 5/3/17, at 12-13.  Several correctional officers restrained Appellant and then searched him, finding heroin, cocaine, a synthetic cannabinoid known as "K2," and stamp bags.  Id. at 24, 26, 74-75.

_____

*   Former Justice specially assigned to the Superior Court.

On May 3, 2017, represented by counsel, Appellant proceeded to a jury trial, at which the Commonwealth presented the testimony of four correctional officers, the investigating Pennsylvania State Police officer, and a Pennsylvania State Police forensic scientist supervisor. Relevantly, the Commonwealth offered testimony that illegal drugs and paraphernalia were found in Appellant's pockets. Id. at 24. Appellant was the sole witness for the defense; his trial strategy was that he and his cellmate borrowed each other's prison clothes and the drugs/paraphernalia belonged to his cellmate. Id. at 83.

At the conclusion of the testimony, the jury convicted Appellant of the offenses indicated supra, and on May 9, 2017, he was sentenced to an aggregate of 27 months to 7 years in prison, to be served consecutively to the sentence he was then currently serving in an unrelated matter. Appellant did not file post-sentence motions; however, this timely, counseled appeal followed. All Pa.R.A.P. 1925 requirements have been met.

On appeal, Appellant first claims the trial court abused its discretion in admitting into evidence his admission of guilt, which he made with regard to the possession of the instant drugs at an administrative disciplinary hearing before the Department of Corrections.[1] Appellant contends his admission of

_____

[1] We note with disapproval that Appellant has neither pointed to that place in the record where the challenged evidence/testimony was presented at trial nor that place in the record where his counsel's objection was made.

- 2 -

guilt during the administrative proceeding was irrelevant in the subsequent criminal proceeding. He further alleges the danger of unfair prejudice outweighed the evidence's probative value in that the jury was likely to conclude that a plea of guilt at the administrative hearing was similar to a plea of guilt before the Court of Common Pleas, and the evidence inflamed the jury.

Initially, we note that:

> [t]he admission of evidence is solely within the discretion of the trial court, and a trial court's evidentiary rulings will be reversed on appeal only upon an abuse of that discretion. An abuse of discretion will not be found based on a mere error of judgment, but rather occurs where the court has reached a conclusion that overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

Commonwealth v. Woodard, 634 Pa. 162, 129 A.3d 480, 494 (2015) (quotation marks and citations omitted).

Generally, all relevant evidence is admissible, and evidence is relevant if it has "any tendency to make a fact more or less probable then it would be without the evidence." Pa.R.E. 401-02. However, the court may exclude relevant evidence if its probative value is outweighed by a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403.

Evidence that might otherwise be inadmissible may be introduced for some other purpose, particularly where Appellant's own testimony "opens the door" for such evidence to be used for impeachment purposes. See Pa.R.E. 607(b) ("The credibility of a witness may be impeached by any evidence

relevant to that issue, except as otherwise provided by statute or these rules.").[2] "A litigant opens the door to inadmissible evidence by presenting proof that creates a false impression refuted by the otherwise prohibited evidence." Commonwealth v. Nypaver, 69 A.3d 708, 716-17 (Pa.Super. 2013) (citations omitted). Further, it is noteworthy that trial judges retain wide latitude as to the scope of cross-examination and will not be reversed absent an abuse of that discretion. See Commonwealth v. Bozyk, 987 A.2d 753 (Pa.Super. 2009).

In the case sub judice, the following relevant exchange occurred between Appellant and his defense counsel upon direct-examination at the jury trial:

> Q: And in the video you were strip searched?
> A: Yes, sir.
> Q: During that time, to your knowledge, did you have any synthetic marijuana?
> A: No, sir.
> Q: Did you have any heroin?
> A: No, sir.
> Q: Did you have any cocaine?
> A: No, sir.

_____

[2] Appellant has pointed to no statute or rule generally prohibiting statements made by a defendant at the administrative disciplinary stage from being introduced for impeachment purposes at a subsequent criminal proceeding. In fact, Appellant begins the instant argument with the premise that the admissibility of such evidence is subject to an abuse of discretion standard. Thus, we shall limit our review accordingly.

N.T., 5/3/17, at 83-84.

On cross-examination at trial, the following relevant exchange occurred between Appellant and the prosecutor:

Q: Do you recall after this incident an Administrative Hearing regarding the same underlying facts as this incident within the Department of Corrections?

[DEFENSE COUNSEL]:  Your honor, I would just want to object to this as to relevancy.

THE COURT: Your objection [is] noted.  If it's for impeachment, we'll permit you to continue.

[THE PROSECUTOR]: Thank you, Your Honor.

Q: Do you recall that hearing?

A: Can you repeat the question?

Q: Certainly.  Do you recall an Administrative Hearing within the Department of Corrections pertaining to this same underlying incident?

A: Yes.

Q: And do you recall the result or the disposition of that hearing?

A: Yes.

Q: And what was that?

A: They gave me forty-five days DC time in the hole.

Q: And was there a hearing or was it disposed of in some other way?

A: Had a hearing.

Q: And did you make any admissions?

A: Are you talking about like far as the outcomes of that hearing that took place at SCI Fayette?

Q: Yes.

A: Yeah. They found me guilty.

Q: I'm asking you if you yourself made any admissions?

A: No.

Q: If you took responsibility?

A: Uh-uh.

Q: No?

A: No, ma'am.

Id. at 87-88.

At this point, the Commonwealth recalled one of the correctional officers, Captain Frank Salvay, to the stand. The relevant exchange occurred between the prosecutor and Captain Salvay:

Q: Are you familiar with an Administrative Hearing relative to this incident and [Appellant]?

A: Yes, ma'am.

[THE PROSECUTOR]: May I approach, Your Honor?

THE COURT: You may.

(DOCUMENT MARKED FOR IDENTIFICATION AS COMMONWEALTH'S EXHIBIT NUMBER 7).

Q: Sir, I'm going to show you what been marked as Commonwealth's Exhibit 7. Can you take a look at that and tell me if you're familiar with it?

A: I am.

Q: And tell me what this document is?

A: It's a Disciplinary Hearing Report.

Q: And does this document indicate that [Appellant] had a Disciplinary Hearing for this underlying incident?

A: Yes, ma'am.

Q: And does it indicate what the disposition of that hearing was?

A: Inmate pled guilty to---

[DEFENSE COUNSEL]: I'm going to object, Your Honor.

* * *

THE COURT: We'll overrule your objection. You can testify as to the content.

[THE PROSECUTOR]: Thank you, Your Honor.

Q: Does it indicate the disposition of this hearing?

A: Yes, ma'am, it does.

Q: What was that?

A: Inmate pled guilty to charge 22 which is possession for contraband, controlled substance.

    [THE PROSECUTOR]: Your Honor, we would move for the admission of Commonwealth's Exhibit 7.

* * *

    THE COURT: Very well. Objection, on the record?

    [DEFENSE COUNSEL]: Same objection, Your Honor.

    THE COURT: Very well. We'll overrule your objection and we'll admit Commonwealth's Number 7.

Id. at 90-93.

In finding no merit to Appellant's evidentiary claim on appeal, the trial court relevantly concluded that Appellant, by denying on direct-examination at trial that he had knowingly possessed the controlled substances, "opened the door" for the prosecutor to attempt to impeach Appellant's testimony by questioning him as to whether he admitted at the administrative disciplinary hearing that he had knowingly possessed the controlled substances. See Trial Court Opinion, filed 7/20/17, at 5. Further, the trial court concluded that, after Appellant denied on cross-examination at trial that he had admitted his knowing possession of the controlled substances during the administrative disciplinary hearing, the prosecutor was permitted to impeach Appellant's testimony via the rebuttal testimony of Captain Salvay, as well as the introduction of the disciplinary hearing report, which indicated that Appellant admitted he had knowingly possessed the controlled substances. See id. at 5-6.

We find no abuse of discretion. Simply put, we agree with the trial court that, by denying on direct-examination that he did knowingly possess the controlled substances, as well as denying on cross-examination that he had admitted such possession during the administrative disciplinary hearing, Appellant "opened the door" to the prosecutor using the evidence at issue for impeachment purposes. See Nypaver, supra. Accordingly, there is no merit to Appellant's first claim.

In his second claim, Appellant contends the trial court abused its discretion in permitting the Commonwealth to cross-examine Appellant as to whether he had a prior conviction for possession of a controlled substance.[3]

At trial, on direct-examination, the relevant exchange occurred between Appellant and defense counsel:

> Q: Do you use cocaine?
> A: No, sir.
> Q: Do you use heroin?
> A: No, sir.
> Q: Do you use marijuana?
> A: No, sir.

N.T., 5/3/17, at 84.

_____

[3] As with his previous claim, we note with disapproval that Appellant has neither pointed to that place in the record where the challenged cross-examination occurred nor where defense counsel's objection was made.

On cross-examination, the prosecutor asked Appellant, "Have you ever used those types of drugs[,]" and Appellant replied, "No, ma'am." Id. The prosecutor then asked for a sidebar conference, at which she indicated she planned to ask Appellant about his prior convictions for possession of illegal controlled substances. Id. at 85-86. Defense counsel objected; however, the trial court ruled that the prosecutor was permitted "to ask [Appellant] if he's ever been convicted of possession of marijuana and cocaine or heroin." Id. at 86.

The relevant exchange then occurred between the prosecutor and Appellant on cross-examination:

Q: [Appellant,] have you ever been convicted of simple possession or possession of marijuana or paraphernalia?

A: I might have been charged with it. I know I had a case back in two thousand and I wanna [sic] say eleven. Them [sic] charges got withdraw[n] and that's all I could think back to.

Id. at 87.

Appellant argues the Commonwealth should not have been permitted to cross-examine Appellant as to whether he had any prior convictions. Specifically, Appellant contends the questioning was irrelevant and did not meet the requirements of 42 Pa.C.S.A. § 5918 since Appellant did not "open the door" for the cross-examination by presenting evidence tending to prove his own good character or reputation. In this vein, he notes that, on direct-

examination, he testified that he does not presently use illegal substances, as opposed to not using illegal substances in the past.[4]

"Pennsylvania courts [are] cautious when considering whether to admit evidence of prior convictions for purposes of impeaching the credibility of a defendant testifying on his own behalf." Commonwealth v. Hernandez, 862 A.2d 647, 650 (Pa.Super. 2004) (citation omitted). However, our decisional law recognizes that evidence of a non-crimen falsi conviction, such as in the case sub judice,[5] may be admitted into evidence after the defendant raises the issue of his good character. See id.

42 Pa.C.S.A. § 5918 relevantly provides:

§ 5918. Examination of defendant as to other offenses

No person charged with any crime and called as a witness in his own behalf, shall be asked, or if asked, shall be required to answer, any question tending to show that he has committed, or been charged with, or been convicted of any offense other than

_____

[4] He also argues the prosecutor should not have been permitted "to elicit testimony from [Appellant] concerning a prior charge of possession without evidence of what drug [Appellant] possessed and without knowledge as to whether [Appellant] was [actually] convicted of the charge." Appellant's Brief at 14.

At trial, during the sidebar conference, the prosecutor indicated she had not reviewed Appellant's entire past record; however, she was aware of a conviction for possession of controlled substances from 2011. N.T., 5/3/17, at 85-87. At the subsequent sentencing hearing, the trial court noted Appellant, indeed, had a prior conviction for possession of a controlled substance and paraphernalia. N.T., 5/9/17, at 2. Thus, we find no relief is due on this claim.

[5] Convictions for drug and paraphernalia possession are not crimen falsi convictions. See Hernandez, supra.

the one wherewith he shall then be charged, or tending to show that he has been of bad character or reputation unless:

(1) he shall have at such trial, personally or by counsel, asked questions of the witness for the prosecution with a view to establish his own good reputation or character, or has given evidence tending to prove his own good character or reputation[.]

42 Pa.C.S.A. § 5918(1) (bold in original) (italics added). "We have made clear that § 5918 allows the prosecution to cross-examine a defendant concerning his past convictions to repudiate specific evidence of good character offered by that defendant." Hernandez, 862 A.2d at 650 (quotation marks and quotation omitted).

In the case sub judice, the trial court explained that it permitted the Commonwealth to cross-examine Appellant as to whether he had been previously convicted of simple possession, possession of marijuana, or possession of paraphernalia because "Appellant, by denying using controlled substances, offered evidence of his good character and effectively, [pursuant to Section 5918,] 'opened the door' for the prosecution to question him concerning same." Trial Court Opinion, filed 7/20/17, at 5 (citing Hernandez, supra (where [the] defendant asserted he did not sell drugs, [the] Commonwealth was permitted to question [him] about prior convictions that contradicted this assertion)).

We agree with the trial court in this regard. Appellant's denial on cross-examination as to whether he "ever used those type of drugs" clearly "opened

the door"[6] and constituted evidence given by Appellant tending to prove his own good character or reputation. See 42 Pa.C.S.A. § 5918(1); Hernandez, supra. Accordingly, the trial court did not err in permitting the prosecutor to cross-examine Appellant regarding his prior drug and paraphernalia possession convictions. See id.

For all of the foregoing reasons, we find Appellant is not entitled to relief on his claims of evidentiary error. Thus, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/2018

_____

[6] Defense counsel did not object to this question by the prosecutor on cross-examination.