J-S52017-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| BARRY LEE KAUFFMAN, JR., | : | |
| | : | |
| Appellee | : | No. 143 MDA 2018 |

Appeal from the PCRA Order December 22, 2017
in the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0005881-2014

BEFORE:   BENDER, P.J.E., MCLAUGHLIN, J. and STRASSBURGER,J.*

DISSENTING MEMORANDUM BY STRASSBURGER, J.:

**FILED DECEMBER 03, 2018**

Because the PCRA court erred in granting Kauffman's PCRA petition, I would reverse the order of the PCRA court.

In reviewing an appeal from either the grant or denial of PCRA relief, "[w]e must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Mikell**, 968 A.2d 779, 780 (Pa. Super. 2009) (quoting **Commonwealth v. Lawrence**, 960 A.2d 473, 476 (Pa. Super. 2008) (citations omitted)).

Here, Kauffman claims that trial counsel was ineffective for misadvising him regarding his testifying at trial.

---

* Retired Senior Judge assigned to the Superior Court.

"As our Supreme Court explained in ***Commonwealth v. Nieves***, [] 746 A.2d 1102 ([Pa.] 2000):

The decision of whether or not to testify on one's own behalf is ultimately to be made by the defendant after full consultation with counsel. In order to sustain a claim that counsel was ineffective for failing to advise the appellant of his rights in this regard, the appellant must demonstrate either that counsel interfered with his right to testify, **or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf**.

*Id*. at 1104 (citations omitted).

***Commonwealth v. Michaud***, 70 A.3d 862, 869 (Pa. Super. 2013) (emphasis added).

Instantly, Kauffman testified at the PCRA hearing that trial counsel "advised [him] not to testify on the stand." N.T., 10/25/2017, at 9. According to Kauffman, trial counsel advised Kauffman that the Commonwealth was "going to bring up [his] criminal past." *Id*. Kauffman further testified that trial counsel did not explain what he meant when he said "criminal past." *Id*. Kauffman then testified that had trial counsel not mentioned Kauffman's criminal past, he would have testified at trial. *Id*.

Trial counsel testified about the reasons he advised Kauffman not to testify at trial. First, trial counsel stated that he did not believe Kauffman's testimony was needed. According to trial counsel, "the case had gone well." *Id*. at 33. In addition, trial counsel testified that he was concerned about how Kauffman would come across while testifying. Trial counsel recalled that Kauffman expressed anger during their discussions and he "was worried about

cross examination and showing that to the jury." *Id*. at 34. With respect to discussions about Kauffman's criminal past, trial counsel testified that he did not recall Kauffman having any *crimen falsi* convictions, but Kauffman did have a 1998 indecent assault conviction. Trial counsel testified that based on his prior experience, he was concerned that if Kauffman testified he would never do anything assaultive, he would open the door to the Commonwealth being able to question Kauffman about the prior indecent assault conviction. However, trial counsel clarified that while that was discussed, it was "not what [he] based [his] advice on." *Id*. at 35.

After hearing this testimony, the PCRA court concluded that trial counsel did indeed misadvise Kauffman regarding his testifying at trial. The PCRA court stated that Kauffman elected not to testify "based solely on [trial counsel's] assertion that if [Kauffman] did testify [he] would be impeached with his prior criminal record." PCRA Court Opinion, 12/22/2017, at 15.[1] The PCRA court then went on to conclude that because Kauffman had "no admissible crimes of dishonesty or false statements that could have been admissible under Pa.R.E. 609(a) to impeach his credibility," trial counsel's advice that Kauffman's "prior indecent assault could be used impeach him was unreasonable." *Id*. at 16.

_____

[1] The PCRA court references page 7 of the transcript in its opinion, but discussion of this issue does not begin until page 9. *See* N.T., 10/25/2017, at 7, 9.

- 3 -

The PCRA court's conclusions are clearly not supported by the record. Nowhere in the record did Kauffman state that he did not testify because trial counsel told him that his prior criminal record could be used for impeachment purposes. Kauffman testified only that the Commonwealth may ask questions about his criminal past, not that he could be impeached with his criminal past. It is well-settled that

> [e]vidence that might otherwise be inadmissible may be introduced for some other purpose, particularly where [a defendant's] own testimony "opens the door" for such evidence to be used for impeachment purposes. **See** Pa.R.E. 607(b) ("The credibility of a witness may be impeached by any evidence relevant to that issue, except as otherwise provided by statute or these rules."). "A litigant opens the door to inadmissible evidence by presenting proof that creates a false impression refuted by the otherwise prohibited evidence." **Commonwealth v. Nypaver**, 69 A.3d 708, 716–17 (Pa. Super. 2013) (citations omitted). Further, it is noteworthy that trial judges retain wide latitude as to the scope of cross-examination….

**Commonwealth v. Murphy**, 182 A.3d 1002, 1005 (Pa. Super. 2018). Based upon the foregoing, because trial counsel's advice regarding Kauffman's criminal past was not related at all to impeachment, but was actually related to a legitimate basis for admission, the PCRA court's conclusions are neither free of legal error nor supported by the record. Here, even if the PCRA court believed Kauffman that he did not testify solely because of trial counsel's advice regarding his prior criminal past, trial counsel's advice was not unreasonable. **See Murphy**, **supra**. Accordingly, the PCRA court erred in granting relief.