2022 PA Super 211

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LEA BULLOCK | |
| Appellant | No. 357 EDA 2022 |

Appeal from the Judgment of Sentence Entered December 15, 2021
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-CR-0001587-2019

BEFORE:  STABILE, J., McCAFFERY, J., and PELLEGRINI, J.[*]

OPINION BY STABILE, J.:                    **FILED DECEMBER 9, 2022**

Appellant, Lea Bullock, appeals from the December 15, 2021 sentence imposing concurrent terms of time served to 23 months of incarceration followed by one year of probation for three counts of endangering the welfare of a child ("EWOC").[1]  We affirm.

The record reveals that, on August 8, 2018, Appellant's children, aged 11, 7, and 6 years old, found Appellant passed out on the porch of their home. The children summoned police, and police arrived at the scene to find Appellant stumbling, having difficulty remaining conscious, and smelling of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]  18 Pa.C.S.A. § 4304.

PCP. They took her into custody after determining that she was unable to care for her children.

The children, upon being placed with their grandparents, disclosed multiple instances of abuse at the hands of their mother. The Commonwealth eventually charged Appellant with aggravated assault, strangulation, unlawful restraint, false imprisonment, and three counts of EWOC. At the conclusion of a September 21, 2021 bench trial, the trial court found Appellant guilty of three counts of EWOC and not guilty of the remaining offenses. The trial court imposed the sentence set forth above on December 15, 2021. The trial court denied Appellant's timely post-sentence motion on January 6, 2022. This timely appeal followed.

The only issue before us is whether the trial court erred in permitting the Commonwealth to introduce evidence of Appellant's prior conviction for public drunkenness (*see* 18 Pa.C.S.A. §§ 5505). Admissibility of evidence rests within the discretion of the trial court, and we will not reverse absent a clear abuse of that discretion. *Commonwealth v. Hernandez*, 862 A.2d 647, 650 (Pa. Super. 2004), *appeal denied*, 889 A.2d 88 (Pa. 2005). The operative statute on this issue is 42 Pa.C.S.A. § 5918:

### § 5918. Examination of defendant as to other offenses

No person charged with any crime and called as a witness in his own behalf, shall be asked, or if asked, shall be required to answer, any question tending to show that he has committed, or been charged with, or been convicted of any offense other than the one wherewith he shall then be charged, or tending to show that he has been of bad character or reputation unless:

(1) he shall have at such trial, personally or by counsel, asked questions of the witness for the prosecution with a view to establish his own good reputation or character, or has given evidence tending to prove his own good character or reputation; or

(2) he shall have testified at such trial against a co-defendant, charged with the same offense.

42 Pa.C.S.A. § 5918. "Pennsylvania courts go cautiously when considering whether to admit evidence of prior convictions for purposes of impeaching the credibility of a defendant testifying in his own behalf." **Com. v. Hernandez**, 862 A.2d 647, 650 (Pa. Super. 2004), **appeal denied**, 889 A.2d 88 (Pa. 2005).

This Court considered § 5918 in **Commonwealth v. Murphy**, 182 A.3d 1002 (Pa. Super. 2018), wherein the trial court permitted the Commonwealth to cross-examine the defendant on a prior conviction for possession of a controlled substance after the defendant opened the door during his direct examination. The defendant's direct examination by defense counsel included the following exchange:

Q. Do you use cocaine?

A. No, sir.

Q. Do you use heroin?

A. No ,sir.

Q. Do you use marijuana?

A. No, sir.

*Id.* at 1007. On cross-examination, the prosecutor asked the defendant if he had **ever** used those drugs, and he said he had not. *Id.* Over defense counsel's objection, the trial court then permitted the prosecutor to examine the defendant on his prior drug possession conviction.

The defendant argued that he did not open the door on direct examination, as his direct examination testimony pertained only to his *present* use of controlled substances. This Court disagreed, reasoning that the defendant, in denying that he used controlled substances, introduced evidence of his good character and opened the door to cross examination on that subject. *Id.* at 1008. Thus, the trial court did not err in permitting the prosecutor to examine the defendant on his prior convictions for possession of drugs and drug paraphernalia. *Id.* at 1008-09.

In **Hernandez**, the prosecutor asked the defendant about his drug use, and the defendant claimed that addicts and "junkies" do not sell drugs, and that he never sold drugs since he became an addict:

Q. Now, do any drug dealers […] sell to support their habits?

A. Almost all the addicts, what they do is they steal in stores, they steal cars they do anything to maintain their habit.

Q. Including selling some drugs and using some, correct?

A. **Since I've been a junkie, I don't sell drugs**. I'm an addict.

Q. You've been a junkie for 20 years?

A. Yes.

Q.    And you just indicated that since you've been a junkie, you've never sold drugs?

A.    Yes.

*Hernandez*, 862 A.2d at 648 (emphasis added). At this point, the prosecutor sought to introduce the defendant's prior drug dealing convictions. *Id.* Defense counsel objected that past occurrences were beyond the scope of the defendant's direct examination, which dealt only with the defendant's current activity. *Id.* at 648-49. This Court held that the defendant's "**unsolicited** testimony that he had never sold drugs constituted an assertion of good character that the prosecutor was entitled to contradict by reference to countervailing evidence of prior convictions." *Id.* at 648 (emphasis added). We further elaborated that the defendant gave a specific response—"Since I've been a junkie, I don't sell drugs."—to a general question about addicts "selling some drugs and using some." *Id.* at 651.

The *Hernandez* Court cited *Commonwealth v. Trignani*, 483 A.2d 862 (Pa. Super. 1984), in which the prosecutor asked, "You never shot Anthony Sanutti?", and the defendant responded, "I never shot anybody in my life." *Id.* at 541. The *Trignani* Court concluded that the defendant, in his response, introduced his character for nonviolence. *Id.* Thus, the *Trignani* Court concluded that the trial court did not err in permitting the introduction of the defendant's prior conviction for an aggravated robbery in which a store clerk was shot. *Id.*

In light of the foregoing caselaw, we consider Appellant's testimony in the instant matter. He said the following on direct examination:

> Q. Now, I'd like to move you ahead to August of 2018. You've heard testimony about what it is when the police came to your place.
>
> A. Yes.
>
> Q. Did you use any PCP that day?
>
> A. No, sir; I don't use drugs.
>
> Q. Were you drinking any alcoholic beverages that day?
>
> A. No, sir.

N.T. Trial, 9/21/21,a t 172. Thus, defense counsel limited his questions to the day of the alleged crime. In response to the question about PCP, Appellant added, unsolicited, that she does not do drugs. But she made **no** unsolicited blanket assertion that she does not use alcohol.

Defense counsel continued to ask Appellant to describe the events of that day of her arrest:

> Q. So how did you feel that evening?
>
> A. I felt terrible. I was disoriented. I didn't know what was going on. I was hugging my daughter, saying what's going on. All I remember is the police flashing bright fluorescent lights in my face, and then they just put me in the car.
>
> Q. Do you remember anything else about that evening?
>
> A. After that, I woke up, and I was in the county. They took me straight to the county.
>
> Q. Did you sit in Pottstown police at all?

A.    At the Pottstown police station, they gave me a  -- **I've never been arrested**, and that was the first time I ever went to jail.

*Id.* at 173 (emphasis added).   Thus, Appellant's testimony included an unsolicited assertion that she had never been arrested.

During Appellant's cross-examination, the prosecutor followed up on Appellant's prior drug and alcohol use:

Q.    I believe you also testified that you don't use drugs.

A.    No, I don't.

Q.    Have you ever?

A.    No, I haven't.

Q.    What about alcohol?

A.    No, I don't.

Q.    Are you sure?

A.    I'm sure.

*Id.* at 190.

At this point, the prosecutor began to ask Appellant about a prior public drunkenness conviction, and defense counsel objected.   Counsel disputed whether Appellant testified that she does not presently use alcohol, or whether she meant to say that she never used alcohol.  *Id.* at 191.   Thus, the trial court asked several questions:

[THE COURT]:  Ms. Bullock, have you ever used alcohol?

THE WITNESS:  No.

THE COURT:  Ever?

THE WITNESS:  No.

*Id.* at 193.  On this basis, the trial court overruled Appellant's objection and permitted the Commonwealth to ask her about her prior public drunkenness conviction.

This case is distinct from **Murphy** in one important respect.  On direct examination, defense counsel asked Appellant if she had any alcoholic beverages **that day,** i.e., the day of the incident.  Appellant's answer, "No, sir," did not imply that she never used alcohol.  Instantly, therefore, we cannot conclude that Appellant, by an assertion of good character on direct examination, opened the door to being cross examined as to any prior use of alcohol.  Rather, the open-ended question as to Appellant's alcohol use – "What about alcohol?" – came from the prosecutor on cross examination.  The trial court followed up by asking Appellant if she ever used alcohol.   After Appellant's negative response, the trial court admitted evidence of the prior public drunkenness conviction.

Thus we conclude that the trial court's rationale for admitting the prior conviction was flawed, because in this case, unlike **Murphy**, Appellant's claims about alcohol use were solicited during her cross examination.  Nonetheless, we find no error, because Appellant's prior conviction was admissible under

*Hernandez*.[2]   There, and in *Trignani*, the defendant made an unsolicited assertion of good character and the courts permitted evidence to contradict the assertion.  Similarly in this case, Appellant claimed on direct examination that she had never been arrested.  The admission of her prior conviction for public drunkenness was therefore admissible to contradict that assertion.  For this reason, we find no error in the admission of her prior conviction for public drunkenness.

Appellant did not address *Murphy* or *Hernandez* in her brief, and the cases she relies upon do not require a different result.  For example, in *Commonwealth v. Garcia*, 712 A.2d 746, 749 (Pa. 1998), the Commonwealth cross-examined the defendant about several prior *crimen falsi* convictions in New York even though he never placed his character in issue. *Id.* at 748.  A jury found him guilty of first-degree murder. *Id.* at 747.  The Supreme Court held that § 5918 "is clear that a defendant **shall not be asked** about his prior crimes, except under limited circumstances, none of which apply here." *Id.* at 749.  Thus, the trial court committed prejudicial error in permitting examination about the defendant's prior crimes. *Id.*

Similarly, in *Commonwealth v. Bunch*, 311 A.2d 632 (Pa. 1973), the Supreme Court held under a predecessor to § 5918 that the trial court erred

_____

[2]  "It is settled that we may affirm a trial court's evidentiary ruling on grounds other than those specified by the court itself, particularly where the additional reason is apparent from the record." *Commonwealth v. Edwards*, 903 A.2d 1139, 1157 n.19 (Pa. 2006).

in permitting the prosecutor to examine the defendant about prior instances of carrying a weapon when the defendant never put his character in issue. *Id.* at 633. And the error was not harmless because the "ill-disguised purpose was not only to suggest a general disposition to violate the criminal statutes of this Commonwealth but more importantly to implant in the minds of the jury the concept of an individual [in] possession of a violent disposition quite capable of forming the state of mind required for a finding of murder in the first degree." *Id.* Finally, in **Commonwealth v. Barron**, 264 A.2d 710, 712 (Pa. 1970), the Supreme Court concluded that the prosecutor's cross examination on the robbery defendant's prior convictions—without the defendant having introduced evidence of his good character—was prejudicial error: "such cross-examination is specifically proscribed by statutory mandate with certain enumerated exceptions, none of which permit this type of cross-examination even if the evidence of guilt is overwhelming."

Inasmuch as **Garcia**, **Bunch**, and **Barron** did not involve the defendant's assertion of good character, they are inapposite. Here, as in **Hernandez**, Appellant offered an unsolicited assertion of good character. And here, as in **Hernandez**, the trial court properly admitted evidence of a prior conviction in contradiction of Appellant's assertion. Thus, the ill that § 5918 and its statutory predecessor sought to prevent, while present in **Garcia**, **Bunch**, and **Barron**, is not present here.

Appellant also asserts that the trial court should not have permitted the prosecutor to examine Appellant about the circumstances of the prior arrest and conviction, because the introduction of a prior conviction as impeachment should be limited to the "name, time, and place of the crime and the punishment received." ***Commonwealth v. Creary***, 201 A.3d 749, 754 (Pa. Super. 2018). We conclude that any error in this regard was harmless. "Harmless error is present when the properly admitted evidence of guilt is so overwhelming and the prejudicial effect of the error is so insignificant by comparison that it is clear beyond a reasonable doubt that the error could not have contributed to the verdict." ***Garcia***, 712 A.2d at 749. Furthermore, any error in the inadmissibility of a prior conviction is harmless where the trial court, sitting as finder of fact, expressly states that it disregarded the prior record. ***Commonwealth v. Davis***, 421 A.2d 179, 183 (Pa. 1980). That is precisely what occurred here:

> The court found [Appellant] guilty of three (3) counts of EWOC based on the testimony of [the children] and Ofc. Maciejewski, all of whom as stated were credible. That testimony […] was more than sufficient to convict [Appellant]. As a result, [Appellant's] denial of the use of alcohol and her prior conviction for public drunkenness had no impact on the Court's ultimate finding of guilt.

Trial Court Opinion, 4/7/22, at 7-8. Because the trial court did not rely on the prior conviction in determining Appellant's guilt, any error in the admission of its circumstances was harmless beyond a reasonable doubt.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/9/2022