J-A25005-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEA BULLOCK | : | |
| | : | |
| Appellant | : | No. 1053 EDA 2024 |

Appeal from the PCRA Order Entered March 22, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0001587-2019

BEFORE: OLSON, J., DUBOW, J., and SULLIVAN, J.

JUDGMENT ORDER BY OLSON, J.: **FILED DECEMBER 30, 2024**

Appellant, Lea Bullock, appeals *pro se* from the order entered on March 22, 2024, which dismissed her petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

As the trial court explained:

> at the conclusion of a two-day bench trial on September 21-22, 2021, the [trial] court convicted Appellant of [three] misdemeanor counts of endangering the welfare of a child. On December 15, 2021, the [trial] court imposed a sentence of time served to 23 months, to date from December 15, 2021. The [trial] court credited Appellant [with] time served from January 24, 2019 through September 17, 2019. The [trial] court also imposed [one] year of probation consecutive to parole.

Trial Court Opinion, 4/22/24, at 1 (footnote and some capitalization omitted).

We affirmed Appellant's judgment of sentence on December 9, 2022 and the Pennsylvania Supreme Court denied Appellant's petition for allowance

of appeal on June 8, 2023. *Commonwealth v. Bullock*, 286 A.3d 1282 (Pa. Super. 2022), *appeal denied*, 299 A.3d 170 (Pa. 2023).

On February 7, 2024, Appellant filed a timely, first PCRA petition and the PCRA court later appointed counsel to represent Appellant during the proceedings. Appellant's PCRA Petition, 2/7/24, at 1-7; PCRA Court Order, 2/12/24, at 1-2. Nevertheless, appointed counsel later filed a petition to withdraw and a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On February 29, 2024, the PCRA court granted counsel leave to withdraw and issued Appellant notice that it intended to dismiss her petition in 20 days, without holding a hearing. *See* PCRA Court Order, 2/29/24, at 1-7; *see also* Pa.R.Crim.P. 907(1). The PCRA court finally dismissed Appellant's petition on March 22, 2024. PCRA Court Order, 3/22/24, at 1. Appellant filed a timely notice of appeal from this order. We now affirm the dismissal of Appellant's PCRA petition.

To be eligible for relief under the PCRA:

> the petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S.A. § 9543(a)(1)(i). As soon as [her] sentence is completed, the petitioner becomes ineligible for relief, regardless of whether [she] was serving [her] sentence when [she] filed the petition. In addition, this [C]ourt determined in *Commonwealth v. Fisher*, 703 A.2d 714 (Pa. Super. 1997), that the PCRA precludes relief for those petitioners whose sentences have expired, regardless of the collateral

consequences of their sentence. *Id.* at 716 (citations omitted).

*Commonwealth v. Hart*, 911 A.2d 939, 941–942 (Pa. Super. 2006) (some citations omitted).[1]

As noted above, on December 15, 2021, the trial court imposed a sentence of time served to 23 months in jail, followed by one year of probation. The trial court also "credited Appellant [with] time served from January 24, 2019 through September 17, 2019" – or, 236 days. *See supra* at *1. Appellant's term of total confinement thus expired on March 24, 2023 and Appellant's probationary term expired on March 24, 2024. Hence, in accordance with 42 Pa.C.S.A. § 9543(a)(1)(i) and our precedent, Appellant is no longer eligible for relief under the PCRA. *See Hart*, 911 A.2d at 941–942.

Order affirmed. Jurisdiction relinquished.

_____

[1] In relevant part, Section 9543 of the PCRA declares:

(a) General rule.--To be eligible for relief under [the PCRA], the petitioner must plead and prove by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

(i) currently serving a sentence of imprisonment, probation or parole for the crime[.]

42 Pa.C.S.A. § 9543(a)(1)(i).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/30/2024