# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Michael Stunda,         :
                Appellant        :
                              :
            v.                  :
                              :
Commonwealth of Pennsylvania,   :
Department of Transportation,     :   No. 1065 C.D. 2024
Bureau of Driver Licensing      :   Argued: November 6, 2025

BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                        FILED: December 10, 2025

David Michael Stunda (Licensee) appeals from the Washington County Common Pleas Court's (trial court) order dated July 29, 2024 (docketed August 1, 2024) dismissing his appeal from the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing's (DOT) 12-month suspension of his driving privileges pursuant to Section 1547(b) of the Vehicle Code.[1] Licensee presents three issues for this Court's review: (1) whether DOT established that Hanover Township Police Officer Dale Kozarovich (Officer Kozarovich) had reasonable grounds to request Licensee to undergo a chemical test; (2) whether the trial court erred by ruling that Licensee made a knowing and informed decision to refuse chemical testing; and (3) whether the trial court erred by admitting into evidence that Licensee entered into the Accelerated Rehabilitation Disposition

---

[1] 75 Pa.C.S. § 1547(b). Section 1547(b) of the Vehicle Code is commonly known as the Implied Consent Law.

Program (ARD) for his driving under the influence of alcohol (DUI) case. After careful review, this Court affirms.

On November 7, 2023, at approximately 5:25 p.m., Officer Kozarovich conducted a traffic stop of Licensee's vehicle after observing a "mass amount of leaves" spewing from Licensee's truck bed. Reproduced Record (R.R.) at 21.[2] Upon engaging with Licensee, Officer Kozarovich immediately smelled a strong odor of alcohol emanating from Licensee's person and breath. Licensee appeared to be "aggressive and staggered in stance[, and] slurred his speech." R.R. at 21. Based upon his observations, Officer Kozarovich requested that Licensee perform various field sobriety tests. Licensee voluntary performed the horizontal gaze nystagmus (HGN) test and the walk and turn test, the results of which both indicated Licensee "to be under the influence of alcohol." R.R. at 22. Officer Kozarovich also attempted to have Licensee perform the one leg stand test, but he refused. Officer Kozarovich also asked Licensee if he was willing to submit to a preliminary breath test (PBT), which Licensee also refused. *See* R.R. at 43. Thereafter, Officer Kozarovich told Licensee that he was under arrest for DUI and read him the warnings on DOT's DL-26 Form[3] in its entirety. *See* R.R. at 24-25. Licensee refused a chemical breath test. *See id*.

By November 20, 2023 letter, DOT notified Licensee that it was suspending his operating privilege for one year beginning December 25, 2023,

_____

[2] Pennsylvania Rule of Appellate Procedure (Rule) 2173 requires that the reproduced record be numbered in Arabic figures followed by a small "a." Pa.R.A.P. 2173. The reproduced record herein does not comply with Rule 2173 because it is paginated with only Arabic numerals. For convenience, this Court cites to each page by the Arabic figures only.

[3] DOT promulgated the DL-26 Form, which sets forth the prescribed language of the warning to be given to motorists arrested for DUI about the penalties for refusing chemical tests. Police use the DL-26 Form to comply with the requirements of Section 1547(b) of the Vehicle Code during DUI arrests.

pursuant to Section 1547(b)(1)(i) of the Vehicle Code.[4]  On December 18, 2023, Licensee appealed to the trial court.  On July 29, 2024, the trial court held a hearing at which Officer Kozarovich and Licensee testified, and the trial court admitted Officer Kozarovich's body camera footage of Licensee's arrest (Bodycam Footage) into evidence.  By order dated July 29, 2024 (docketed August 1, 2024), the trial court dismissed Licensee's appeal.  Licensee appealed to this Court.[5]  On August 16, 2024, the trial court ordered Licensee to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement).  On September 4, 2024, Licensee filed his Rule 1925(b) Statement.  On September 20, 2024, the trial court filed its opinion pursuant to Rule 1925(a).

Licensee first argues that DOT failed to establish that Officer Kozarovich had reasonable grounds to request that Licensee undergo a chemical test.

---

[4] Section 1547(b) of the Vehicle Code provides, in relevant part:

> (1) If any person placed under arrest for a violation of [S]ection 3802 [of the Vehicle Code] is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, [**DOT**] **shall suspend the operating privilege of the person** as follows:
>
> > (i) Except as set forth in subparagraph (ii), **for a period of 12 months**.

75 Pa.C.S. § 1547(b) (emphasis added).

[5] This Court's "review in a license suspension case is to determine whether the factual findings of the trial court are supported by [substantial] evidence and whether the trial court committed an error of law or an abuse of discretion." *Chojnicki v. Dep't of Transp., Bureau of Driver Licensing*, 332 A.3d 883, 886 n.2 (Pa. Cmwlth. 2025) (quoting *Negovan v. Dep't of Transp., Bureau of Driver Licensing*, 172 A.3d 733, 735 n.4 (Pa. Cmwlth. 2017)).  "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pequea Twp. v. Zoning Hearing Bd. of Pequea Twp.*, 180 A.3d 500, 504 n.1 (Pa. Cmwlth. 2018) (quoting *Valley View Civic Ass'n v. Zoning Bd. of Adjustment*, 462 A.2d 637, 640 (Pa. 1983)).  "An abuse of discretion occurs where in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will." *Tullytown Borough v. Armstrong*, 129 A.3d 619, 622 (Pa. Cmwlth. 2015) (quotation marks omitted).

Specifically, Licensee contends that Officer Kozarovich's testimony was internally inconsistent, contradicted by the Bodycam Footage, and marred by repeated failures of Officer Kozarovich's memory. Licensee asserts that, on cross-examination, Officer Kozarovich could not recall key details about the traffic stop, misrepresented what occurred on the Bodycam Footage, and admitted to speculating about Licensee's performance on field sobriety tests. Licensee claims that, given Officer Kozarovich's unreliable testimony, the trial court lacked substantial evidence to uphold Officer Kozarovich's request for chemical testing.

DOT rejoins that the trial court explicitly found Officer Kozarovich to be a credible witness. DOT further retorts that in reviewing the totality of the circumstances known by Officer Kozarovich at the time he arrested Licensee for DUI, the trial court correctly held that Officer Kozarovich had reasonable grounds to believe that Licensee was operating his vehicle while intoxicated.

Initially, Section 1547(a) of the Vehicle Code states:

> **Any person** who drives, operates[,] or is **in actual physical control of the movement of a vehicle** in this Commonwealth **shall be deemed to have given consent to** one or more **chemical tests** of breath or blood for the purpose of determining the alcoholic content of blood or the presence of a controlled substance **if a police officer has reasonable grounds to believe the person to have been driving**, **operating**[,] **or in actual physical control of the movement of a vehicle** in violation of [S]ection 1543(b)(1.1) [of the Vehicle Code, 75 Pa.C.S. § 1543(b)(1.1),] (relating to driving while operating privilege is suspended or revoked), [Section] 3802 [of the Vehicle Code, 75 Pa.C.S. § 3802] (relating to driving under [the] influence of alcohol or controlled substance)[,] or [Section] 3808(a)(2) [of the Vehicle Code, 75 Pa.C.S. § 3808(a)(2)] (relating to illegally operating a motor vehicle not equipped with ignition interlock).

75 Pa.C.S. § 1547(a) (emphasis added).

4

"The question of whether an officer had reasonable grounds to arrest a licensee is a question of law fully reviewable by this court on a case-by-case basis." *Yencha v. Dep*['*t*] *of Transp*[*.*]*, Bureau of Driver Licensing*, 187 A.3d 1038, 1044 (Pa. Cmwlth. 2018). "**The test for whether a police officer has reasonable grounds to believe that a licensee drove while intoxicated is not demanding**; it requires even less proof than what is necessary to establish probable cause for a criminal prosecution." *Id*. (emphasis added). In assessing whether DOT has met this burden, "[this Court] consider[s] the totality of the circumstances and determine[s], as a matter of law, whether a person in the position of the arresting officer could have reasonably reached this conclusion." *Id*.

*Hufnagle v. Dep't of Transp., Bureau of Driver Licensing*, 343 A.3d 388, 395 (Pa. Cmwlth. 2025).

Here, Officer Kozarovich testified that Licensee smelled of alcohol, failed the HGN and the walk and turn field sobriety tests, refused the one leg stand field sobriety test, and refused a PBT. In addition, the Bodycam Footage shows Licensee pleading with Officer Kozarovich not to continue investigating whether he was intoxicated.[6] Moreover, Licensee attempted to bribe Officer Kozarovich by asking him: "How much is it going to take? Can I buy you anything? [a]nd How much do you make?" R.R. at 23. Clearly, the totality of the circumstances was sufficient to give Officer Kozarovich reasonable grounds to believe that Licensee was driving while intoxicated.[7]

---

[6] For example, Licensee states, "please don't do this," and "it's over," when Officer Kozarovich asks him to complete the one leg stand field sobriety tests and while Officer Kozarovich is reaching for the DL-26 Form, Licensee repeatedly states: "Nothing we can do?" Bodycam Footage at 12:45.

[7] Notably, the Bodycam Footage reveals Officer Kozarovich state to his fellow officer that Licensee is probably not that far over, **but he is definitely intoxicated**." Bodycam Footage at 19:41.

While Officer Kozarovich's testimony may have appeared to be inconsistent because he had trouble remembering everything that occurred that evening, "[i]t is beyond peradventure that the trial court, sitting as the fact-finder, is free to believe all, part[,] or none of the evidence, to make all credibility determinations, and to resolve all conflicts in the evidence." *In Re: Appeal of the Bd. of Auditors of McKean Twp./2017 Meeting*, 201 A.3d 252, 262 (Pa. Cmwlth. 2018). Officer Kozarovich's credible testimony coupled with the Bodycam Footage constitutes substantial evidence that supports the trial court's determination that "a person in the position of [Officer Kozarovich] could have reasonably" reached the conclusion that Licensee drove while intoxicated. *Hufnagle*, 343 A.3d at 395 (quoting *Yencha*, 187 A.3d at 1044). Accordingly, DOT established that Officer Kozarovich had reasonable grounds to request that Licensee undergo a chemical test.

Licensee next argues that the trial court erred by ruling that Licensee made a knowing and informed decision about chemical testing. Specifically, Licensee contends that Officer Kozarovich prefaced the DL-26 Form warnings by stating: "I have to read you these warnings informing you [about] your right to refuse." Bodycam Footage at 18:45. Licensee asserts that this statement was legally inaccurate and misleading. Licensee maintains that Pennsylvania law is clear that a licensee does not have a true *right* to refuse chemical testing without consequences, thus, Licensee proclaims that by introducing this misleading statement, Officer Kozarovich negated the statutory warning and created confusion, rendering Licensee's refusal unknowing and involuntary.

DOT rejoins that Officer Kozarovich told Licensee that he had a right to refuse the request for chemical testing. DOT retorts that because this declaration is an accurate statement of the Implied Consent Law, there is no merit to Licensee's argument that Officer Kozarovich misled him about submitting to a breath test.

6

This Court has explained:

Regarding the warnings that must be given prior to requesting chemical testing, licensees do not have a constitutional right to be warned of the consequences of refusing to submit to a chemical test. *Garlick* [*v. Dep't of Trans., Bureau of Driver Licensing*], 176 A.3d [1030,]1035 [(Pa. Cmwlth. 2018) (en banc)]. There is only a statutory requirement. *See* [Section 1547(b)(2)(i) of the Vehicle Code,] 75 Pa.C.S. § 1547(b)(2)(i).[FN]10 The purpose of the warnings is to make a licensee aware of the consequences of a refusal to enable the licensee to make a knowing and conscious decision. *Garlick*, 176 A.3d at 1036.

> [FN] 10 Section 1547(b)(2)(i) [of the Vehicle Code] provides:
>
> > (2) It shall be the duty of the police officer to inform the person that:
> >
> > (i) the person's operating privilege will be suspended upon refusal to submit to chemical testing and the person will be subject to a restoration fee of up to $2,000[.00.]
>
> 75 Pa.C.S. § 1547(b)(2)(i).

*Curry v. Dep't of Transp., Bureau of Driver Licensing*, 318 A.3d 1012, 1023 (Pa. Cmwlth. 2024).

Here, the trial court opined:

While [Licensee] asserts that Officer Kozarovich's statement to [Licensee] that he had a "right to refuse" the chemical test was misleading, the [trial c]ourt fails to see how such a statement could even be deemed misleading, considering that it was an accurate statement of the law. *See* [*Commonwealth v.*] *Myers*, 164 A.3d [1162,] 1164 [(Pa. 2017)] ("Nonetheless, the 'implied consent' statute also grants DUI arrestees the *right to refuse* chemical testing.") (emphasis added); *See also Park*[ *v. Dep't of Transp., Bureau of Driver Licensing*], 178 A.3d [274,] 282 [(Pa. Cmwlth. 2018)] ("Any person arrested for DUI has a *right to refuse* to submit to chemical testing.") (emphasis

7

added). Furthermore, and to the extent that [Licensee] was confused by Officer Kozarovich's statement and believed that he could refuse the chemical test without a penalty, "our Supreme Court recognizes that a licensee's subjective beliefs do not provide a sufficient justification for refusing to comply with the Implied Consent Law." *Park*, 178 A.3d at 282. Therefore, th[e trial c]ourt did not err in rejecting [Licensee's] argument that his refusal was not "knowing and voluntary."

Trial Ct. Op. at 9. Given that Officer Kozarovich read Licensee the DL-26 Form verbatim, "any subjective confusion Licensee may have experienced was cured as a matter of law." *Park*, 178 A.3d at 282. Thus, this Court discerns no error in the trial court's reasoning. Accordingly, the trial court did not err by ruling that Licensee made a knowing and conscious decision to refuse chemical testing.

Finally, Licensee argues that the trial court erred by admitting into evidence that Licensee entered into ARD for his DUI case despite well-established Pennsylvania law holding that such evidence is inadmissible in civil license suspension appeals. DOT rejoins that the trial court did not abuse its discretion by overruling the objection to DOT's counsel's question to Licensee about the results of his criminal DUI charge. DOT retorts that Licensee testified that he *hadn't done anything wrong*, so it was not improper for counsel to attempt to impeach him on this testimony. DOT asserts that even if the trial court should have sustained the objection, the trial court, sitting as fact-finder, completely disregarded the results of the DUI charge in deciding Licensee's statutory appeal.

It is undisputed that "[a] driver's guilt or innocence of a criminal offense is not at issue in the license suspension proceedings." *Chojnicki v. Dep't of Transp., Bureau of Driver Licensing*, 332 A.3d 883, 887 (Pa. Cmwlth. 2025) (quoting *Kachurak v. Dep't of Transp., Bureau of Driver Licensing*, 913 A.2d 982, 985-86 (Pa. Cmwlth. 2006)). In addition, "[i]t is well settled that questions concerning the admission or exclusion of evidence are matters within the trial court's

8

discretion and will not be disturbed on appeal absent a clear indication that its discretion has been abused." *Milan v. Dep't of Transp.*, 620 A.2d 721, 724 (Pa. Cmwlth. 1993). Moreover,

> [e]vidence that might otherwise be inadmissible may be introduced for some other purpose, particularly where [an a]ppellant's own testimony "opens the door" for such evidence to be used for impeachment purposes. "A litigant opens the door to inadmissible evidence by presenting proof that creates a false impression refuted by the otherwise prohibited evidence." *Commonwealth v. Nypaver*, 69 A.3d 708, 716-17 (Pa. Super. 2013) (citations omitted). Further, it is noteworthy that trial judges retain wide latitude as to the scope of cross-examination and will not be reversed absent an abuse of that discretion.

*Commonwealth v. Murphy*, 182 A.3d 1002, 1005 (Pa. Super. 2018) (citation and footnote omitted).

Here, Licensee opened the door to the issue of his guilt or innocence in his testimony. Specifically, Licensee testified:

> Q. At that point, did the -- were you frustrated?
>
> A. I was scared.
>
> Q. And **did you feel you hadn't done anything wrong**?
>
> A. **Right**. **Correct**.

R.R. at 52 (emphasis added). Thus, DOT's attorney questioned Licensee on cross-examination:

> Q. Did you plead guilty to your criminal DUI case?
>
> A. No.
>
> Q. Did you enter into ARD?
>
> A. Yes.

R.R. at 54.

9

The trial court explained:

> As the transcript from the license suspension appeal hearing evinces, [Licensee's] testimony that he believed that he had not done "anything wrong" to warrant the DUI investigation "opened the door" for [DOT] to question [Licensee] as to the disposition of the criminal DUI proceeding in an effort to impeach [Licensee] and refute any inference created by [Licensee's] testimony. Thus, the [trial c]ourt, acting in accordance with the wide discretion afforded to it in defining the scope of cross-examination, did not err in admitting [evidence of Licensee's] entry into [ARD] into evidence.
>
> In any event, assuming[,] *arguendo*[,] that the [trial c]ourt erred in admitting [Licensee's] entry into [ARD] into evidence, it nevertheless amounted to harmless error.

Trial Ct. Op. at 11-12.

> The trial court expounded:
>
> In making its determination, the [trial c]ourt, having sat as fact[-]finder, separated the relevant and irrelevant evidence that was presented during the hearing, including [Licensee's] entry into [ARD]. Due to its wholly irrelevant nature in the matter *sub judice*, [Licensee's] entry into [ARD] was not considered by th[e trial c]ourt in its determination as to whether [DOT] carried its burden of establishing that [Licensee] violated the Implied Consent Law and necessarily then did not bear any influence on th[e trial c]ourt's decision to dismiss [Licensee's] appeal.

Trial Court Op. at 12.

Based on the trial court's reasoning, this Court cannot find that the trial court abused its discretion in admitting Licensee's ARD testimony. To the extent that the trial court erred by admitting the testimony, because the trial court did not rely on the ARD testimony as it was not relevant to its determination, this Court concludes that it was harmless error. Accordingly, the trial court did not abuse its

10

discretion by admitting into evidence that Licensee entered into ARD for his DUI case.

For all of the above reasons, the trial court's order is affirmed.


_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| David Michael Stunda, | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | No. 1065 C.D. 2024 |
| Bureau of Driver Licensing | : | |

### O R D E R

AND NOW, this 10th day of December, 2025, the Washington County Common Pleas Court's order dated July 29, 2024 (docketed August 1, 2024) is affirmed.

_____
ANNE E. COVEY, Judge